UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
HASAN SPEIGHT,

                  Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. ANDREW LEIPER and
P.O. JOHN DOES, said names being fictitious and unknown,

                  Defendants.
———————————————————————X

ECF CASE:

CV 12 - 5314

COMPLAINT

JURY TRIAL DEMANDED

GLEESON, J.

SCANLON, M.J.

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the defendants violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just.

**JURISDICTION**

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this Court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same

case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6. Plaintiff is a citizen, resident, and was otherwise lawfully in the United States at the time of the events complained of herein.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the areas of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendant Police Officer Andrew Leiper was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Police Officer Leiper was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with

the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties.

9.     Defendant Police Officer "John Does" said name being fictitious and unknown, were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agent of defendant THE CITY OF NEW YORK. Defendant Police Officer "John Does" was at all times relevant herein acting under color of state law in the course and scope of their duties and functions as an officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## NOTICE OF CLAIM

10. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

11. That a 50-h earing was taken of plaintiff on February 8, 2012 conducted by the Defendants THE CITY OF NEW YORK.

12.    This action is being commenced within (1)one year and (90) ninety days from the date of the incident herein.

## STATEMENT OF RELEVANT FACTS

13. On October 28, 2011, at approximately 7:15 p.m. plaintiff was lawfully at or near the premises located at 350 Sheffield Avenue, Brooklyn, New York 11207 when he was approached by Police officer Andrew Leiper and two other officers not in uniform. Plaintiff was then grabbed by his right arm and left side of his chest by one of the officers. Plaintiff felt he was being attacked and ran into the lobby of the aforesaid building. Plaintiff was then tazed, punched, kicked and assaulted by the officers and arrested without just cause. Plaintiff was taken to Brookdale Hospital for his injuries and then to the PSA precinct, Brooklyn, New York.

14. Plaintiff was taken to central booking and charged.

## FIRST CLAIM
### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

15. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16. By their conduct and actions in causing the arrest and imprisonment of plaintiff, and in arresting, fingerprinting and imprisoning plaintiff, by violating the arrestee's Fourteenth Amendment rights to equal protection, by using excessive force, by causing personal injury, by detaining plaintiff for an excessive amount of time, by detaining plaintiff under cruel and inhumane conditions, and by maliciously prosecuting plaintiff, defendant Police Officers acting under the color of law and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

17. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and

serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM
### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

18. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest and fingerprinting of the plaintiff; (c) the unreasonably long detention of plaintiff; (d) the infliction of pain and suffering upon plaintiff, including the use of excessive force, keeping plaintiff in handcuffs for extended periods of time, and other means of inflicting pain and discomfort. Each such policy, practice, custom and usage caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM
### FALSE ARREST AND FALSE IMPRISONMENT

21. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

22. By the actions described above, defendants falsely arrested and imprisoned plaintiff, or caused him to be falsely arrested, fingerprinted and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and

conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

23. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM
## ASSAULT AND BATTERY

24. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. By the actions described above, defendants committed an assault upon the plaintiff by punching, grabbing, kicking and beating him without cause. The acts of conduct of the defendants were the direct and proximate cause of the injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

26. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM
## MALICIOUS PROSECUTION

27. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

29. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM
## NEGLIGENCE

30. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiff. The acts of conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

32. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

      a. Compensatory damages in the amount of $10,000,000.00;

      b. Punitive Damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Pre and post-judgment costs, interest and attorneys' fees;

      e. Such other and further relief as to this Court may deem appropriate and equitable.

Dated: New York, New York
      October 22, 2012

                       Yours etc.,

                       **ISAACSON, SCHIOWITZ & KORSON, LLP.,**
                       Attorneys for Plaintiff

By: _____
                JEREMY SCHIOWITZ, ESQ. (JS 5939)
                150 Broadway - Suite 1600
                New York, New York 10038
                Tel. No.: (212) 267-6557

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X          ECF Case:
HASSAN SPEIGHT,

                              Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. ANDREW LEIPER and
P.O. JOHN DOES, said names being fictitious and unknown,

                            Defendants.
------------------------------------------------------------------------X

## COMPLAINT

ISAACSON, SCHIOWITZ & KORSON, LLP
Attorneys for Plaintiff
150 Broadway, Suite 1600
New York, NY 10038-4494
Tel No. 212-267-6557
Fax No. 212-240-0365